UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REMINGTON DONO LEBOE,

                 Plaintiff,

    v.

ROSARIO C. ARCHER, et al.,

                 Defendants.

CASE NO. 3:26-cv-05460-JLR-DWC

ORDER DECLINING SERVICE

Plaintiff Remington Dono LeBoe, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Dkts. 5, 6.  Having screened Plaintiff's complaint, the Court declines to direct service upon defendants and, instead, grants Plaintiff an opportunity to cure his pleading's deficiencies by filing an amended complaint on or before **July 13, 2026**.

## I.    BACKGROUND

Plaintiff is currently housed at Western State Hospital ("WSH") and initiates this action under 42 U.S.C. § 1983 concerning his detention and a mental-health evaluation at that facility. Dkt. 6 at 1–4. As defendants, Plaintiff names WSH, Rosario C. Archer, Ph.D., and Kathryn Courles, D.O., and sues Defendants Archer and Courles in both their individual and official capacities. *Id.* at 1–3.

ORDER DECLINING SERVICE - 1

Plaintiff organizes his complaint into six counts alleging violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as RCW 71.05 and RCW 10.77.[1] *Id.* at 5–8. In each count, Plaintiff challenges different aspects of his mental-health evaluation and detention at WSH, including the alleged refusal to permit counsel to be present during the evaluation, the questioning conducted during the evaluation, the information contained in the evaluation, and the diagnosis reached by the evaluating providers. *Id.* at 3–8.

As relief, Plaintiff seeks compensatory and punitive damages, an injunction related to his civil commitment, and an order requiring a new evaluation. *Id.* at 8–9.

## II.   SCREENING STANDARD

The Court is required to screen complaints brought by individuals proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). As part of this screening, the Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

---

[1] In the introduction to the complaint, Plaintiff also references the Fourth Amendment. Dkt. 6 at 1. However, the complaint does not include a separate count asserting a Fourth Amendment violation or factual allegations demonstrating such a violation. *Id.*

ORDER DECLINING SERVICE - 2

## III.  DISCUSSION

Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. In particular, Plaintiff names improper state defendants, fails to demonstrate personal participation by those sued in their individual capacities, does not support his alleged deliberate indifference claim with sufficient factual detail, and appears to bring claims not appropriate for review in a § 1983 action.

Each deficiency is described in greater detail below and must be cured according to the Court's instructions if Plaintiff intends to proceed in this action.

### A.      Improper State Defendants

Starting with his official capacity § 1983 claims, Plaintiff may not sue state employees in their official capacities for backwards-facing relief like monetary damages or declaratory judgment. To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a "person" acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). States and their entities are not "persons" that can be sued under § 1983. *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997). Additionally, when a claim is brought against an individual in their official capacity, the real party in interest for that claim is the government entity for which they work, not the individual named in the caption of the complaint. In other words, "a suit against a state official in his official capacity is no different from a suit against the State itself." *Doe*, 131 F.3d at 839 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). As a result, a plaintiff cannot sue states and state entities under § 1983 or state employees in their official capacity.

There is one exception to this rule. Under the *Ex Parte Young* doctrine, a state employee may be sued in their official capacity by a plaintiff seeking prospective injunctive relief (*i.e.*, a

ORDER DECLINING SERVICE - 3

court order that requires some action, other than the payment of monetary damages, to correct an ongoing constitutional injury). *Id.* (citing *Will*, 491 U.S. at 71 n.10 and *Ex parte Young*, 209 U.S. 123 (1908)). This exception is limited by the Eleventh Amendment, which bars claims for all other forms of relief against such employees. *See Doe*, 131 F.3d at 839; *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). Furthermore, as discussed in Sect. III. D. below, any claim seeking release from state confinement must be brought in actions for federal habeas corpus relief, not § 1983 actions.

Here, Plaintiff names WSH as a defendant and sues Defendants Archer and Courles in both their individual and official capacities for monetary damages. Dkt. 6 at 1–3. However, WSH is a state entity and therefore is not a "person" subject to suit under § 1983. *Banks v. Washington*, 2009 WL 3831539, at *3 (W.D. Wash. Nov. 13, 2009) (finding WSH is not a "person" under § 1983 and, therefore, not capable of being sued). Likewise, Plaintiff may not pursue § 1983 claims for damages against Defendants Archer and Courles in their official capacities because such claims are treated as claims against the State itself. Furthermore, Plaintiff's claims for forward-facing injunctive relief (*i.e.*, his requests to enjoin his 180-day civil commitment at WSH) are not appropriately brought in this § 1983 action and must instead be pursued in an action for federal habeas corpus relief. *Infra* Sect. III. D.

Accordingly, Plaintiff has failed to state a § 1983 claim against WSH or against Defendants Archer and Courles in their official capacities. If Plaintiff chooses to amend, he must omit WSH and state officials sued in their official capacities and should assert his § 1983 claims only against state officials in their individual capacities who personally participated in the constitutional violations alleged.

**B.      Personal Participation**

As for Plaintiff's individual capacity claims, he must allege sufficient facts demonstrating the personal involvement of all named defendants. The first step in pleading an individual capacity § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). On step two, a plaintiff must allege facts showing how the individual defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). These allegations must be supported by specific facts and circumstances demonstrating personal involvement as sweeping and conclusory allegations against a defendant are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Here, Plaintiff alleges few facts regarding Defendant Archer and does not explain how, if at all, Defendant Courles personally participated in the alleged constitutional violations. Indeed, the complaint contains no specific factual allegations describing actions taken by Defendant Courles and does not sufficiently describe Defendant Archer's role in causing all the constitutional harms alleged. Instead, Plaintiff generally refers to "Defendants" collectively without identifying what conduct the defendants personally engaged in or how they were responsible for Plaintiff's alleged injuries.

To proceed with his claims, Plaintiff must allege facts sufficient to show how the defendants personally participated in the alleged denial of counsel, improper questioning, preparation of the evaluation, diagnosis, or other conduct that allegedly violated Plaintiff's constitutional rights. Therefore, in any amended complaint, Plaintiff should only name an individual as a defendant if he can provide sufficient facts demonstrating that person's personal participation in causing his alleged injuries. Sweeping, broad, or conclusory allegations regarding the "defendants" generally will not suffice. Instead, Plaintiff must provide additional

ORDER DECLINING SERVICE - 5

factual detail explaining what each defendant personally did or failed to do and how those actions allegedly violated Plaintiff's constitutional rights.

**C.      Difference of Opinion in Medical Treatment**

Next, to the extent Plaintiff asserts constitutional violations arising from inadequate medical treatment at WSH, such a claim is insufficiently pled. Like a pretrial detainee, a civil detainee's rights to adequate medical care and safety arise under the due process clause of the Fourteenth Amendment, not the Eight Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018); *Smith v. Washington*, 781 F. App'x 595, 598 (9th Cir. 2019) (applying legal standards for claims under the Fourteenth Amendment, rather than the Eighth Amendment, to claims of civil detainees). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined," (2) "those conditions put the plaintiff at substantial risk of suffering serious harm," (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious," and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon.* at 1125.

With respect to the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (omitting internal punctuation and quotation marks). "'[M]ere lack of due care'" is not enough; "the plaintiff must 'prove more than negligence but less than subjective intent— something akin to reckless disregard.'" *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). Further, a difference of opinion between a plaintiff and medical staff or between medical professionals regarding the proper course of treatment does not satisfy this standard. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

ORDER DECLINING SERVICE - 6

Here, Plaintiff alleges he was incorrectly diagnosed with delirium tremens and that he instead suffers from an intestinal parasitic pinworm infection. Dkt. 6 at 4, 7–8. Plaintiff further alleges he is receiving medical treatment for his conditions and is compliant with his prescribed medication and care. *Id.* at 4. These allegations are insufficient to state a Fourteenth Amendment claim for inadequate medical care. Plaintiff does not allege facts showing a defendant denied him treatment for his asserted medical condition or otherwise failed to take reasonable measures to address a substantial risk of serious harm. Rather, Plaintiff's allegations indicate he disagrees with the diagnosis reached during the mental-health evaluation and believes a different diagnosis is correct. A difference of opinion between a plaintiff and medical staff, or between medical professionals, regarding the proper diagnosis or course of treatment does not, standing alone, state a constitutional claim. *See Toguchi*, 391 F.3d at 1058.

Additionally, Plaintiff does not identify what actions a particular defendant took or failed to take with respect to his medical care that were objectively unreasonable under the circumstances. The complaint therefore contains insufficient facts from which the Court can reasonably infer that a defendant acted with the level of culpability required to violate the Fourteenth Amendment.

Accordingly, Plaintiff has failed to state a claim for constitutionally inadequate medical care. If Plaintiff chooses to amend, he must allege facts sufficient to satisfy each element of such a claim and must identify the specific defendant or defendants whose actions allegedly violated his constitutional rights.

**D.     Habeas Corpus vs. Section 1983 Action**

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas

ORDER DECLINING SERVICE - 7

corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation marks and citation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (internal quotation marks and citation omitted).

Here, Plaintiff filed a § 1983 civil rights action wherein several of his claims challenge the constitutionality of his physical confinement, such as the legality of his mental health evaluation and the resulting detention. Dkt. 6. Further, Plaintiff seeks injunctive relief related to his civil commitment proceedings. *Id.* at 8–9. To the extent Plaintiff challenges the fact or duration of his confinement and seeks release from that confinement, such claims must be raised in a habeas action under 28 U.S.C. § 2241 rather than a § 1983 civil rights complaint.

Accordingly, Plaintiff must not include claims or requests for relief challenging the fact or duration of his current confinement in an amended complaint filed in this § 1983 action.

### IV.   INSTRUCTIONS TO PLAINTIFF

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff must present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the previous complaint by reference. The

ORDER DECLINING SERVICE - 8

amended complaint will act as a complete substitute for the complaint, and not as a supplement. Plaintiff should not attach exhibits to the amended complaint and any exhibit will not be considered as part of the amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. Failure to file an amended complaint addressing the deficiencies address herein on or before **July 13, 2026**, may result in a recommendation this action be dismissed.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

Dated this 11th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE - 9